Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Kelly R. Kichline, Bar No. 10642
kelly.kichline@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID PROTHRO, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>PRIME HEALTHCARE SERVICES-RENO, LLC,<br><br>                Defendant. | Case No. 3:13-cv-00108-RCJ-WGC<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff David Prothro ("Plaintiff") and Defendant Prime Healthcare Services-Reno, LLC ("Defendant"), (collectively, the "Parties"), hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

I.      **Definitions and Terms**

        1.      "Confidential Information" means any document, information, or material that the producing party or protected person reasonably believes not to be in the public domain and

reasonably believes contains information to which an individual or company has an established and legitimate right to privacy or confidentiality.

2.     "Confidential - Patient/Medical" information means any document, information or material as identified in No. 1 above which contains information relating to or regarding any patient of Defendant's.  All references herein to "Confidential" information include "Confidential – Patient/Medical" information, except where the permissible disclosure or dissemination of "Confidential – Patient/Medical" information is more limited than permissible disclosure or dissemination of "Confidential" information.

3.     "Confidential – Attorneys' Eyes Only" information means a document, information or material as identified in No. 1 above, which is also a schedule or attachment to a tax return of either Plaintiff or his business, Nevada Arrhythmia Services, Inc.   All references herein to "Confidential" information include "Confidential – Attorneys' Eyes Only," except where the permissible disclosure or dissemination of "Confidential – Attorneys' Eyes Only" information is more limited than permissible disclosure or dissemination of "Confidential" information.

4.     "Disclosed" is used in its broadest sense and includes, *inter alia,* directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

5.     "Discovery Material(s)" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

6.     "Document" is defined as the term is used in Federal Rule of Civil Procedure 34.

7.     "Under Seal" is defined as sealing confidential documents consistent with the procedure set forth in LR 10-5 of the Local Rules for United States District Court, District of

Nevada (the "Court").  In the event that the Court publishes a new procedure for the filing of documents under seal, the Parties will follow said published procedure.

## II.     Types of Materials that May be Designated as Confidential

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order.  The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.  Except with the prior written consent of the producing party or by court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" may be disclosed to any person except as permitted in Section IV below.

## III.    Designation of Discovery Materials as Confidential

A producing party may designate as confidential Discovery Materials or other documents, information, or materials containing confidential information by stamping or otherwise marking the designated material as: (1) "CONFIDENTIAL;" (2) CONFIDENTIAL – PATIENT/MEDICAL;" or (3) "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section IV below, and producing it and listing it on the log in the form attached as Exhibit A. Each Party shall maintain a log for the documents they have produced that have been designated "Confidential," and produce an updated log, containing all designations, when producing documents or information that are designated "Confidential."  The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation.  If the producing party inadvertently fails to stamp or otherwise appropriately

designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

**IV.    Permissible Use of "Confidential" Information, Documents, or Materials**

1.      Notwithstanding Section II above, documents stamped "Confidential" may only be disclosed to: (i) the Parties; (ii) all attorneys representing the Parties in this matter; (iii) para-professionals, secretaries, and other non-attorney personnel that are employed by firms or by individual attorneys representing the Parties in this matter, but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter; and (iv) the court and all court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial.  To the extent such "Confidential Information" may be disclosed to court personnel or filed with the Court it may, upon a showing sufficient to satisfy the requirements of the Court, be done Under Seal.

2.      **"Confidential - Patient/Medical"** Documents and Information:  Defendant may designate documents containing Patient/Medical information as "Confidential – Patient/Medical." Except for (a) disclosure to the Court by counsel for Plaintiff as described in Section IV above; and (b) disclosure to any expert retained by Plaintiff specifically for purposes of prosecuting this action, documents designated as "Confidential – Patient/Medical" by Defendant shall not be distributed or disclosed outside of the office of Plaintiff's counsel in any form, including electronic or physical form. To the extent such "Confidential – Patient/Medical " information may be disclosed to court personnel or filed with the Court it shall, upon a showing sufficient to satisfy the requirements of the Court, be done Under Seal.  Plaintiff shall indemnify, hold harmless and defend Defendant from and against any and all claims, losses, liabilities, costs and other expenses resulting from or relating to the acts or omissions of his or anyone acting on his behalf resulting

in an alleged breach of privacy rights or rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") of any third party.

3.     **"Confidential – Attorneys' Eyes Only"** Documents and Information:  Plaintiff may further designate schedules and attachments to tax returns for himself or his business, Nevada Arrhythmia Services, Inc., which contain highly sensitive personal information as "Confidential – Attorneys' Eyes Only."  Tax return schedules and attachments designated by Plaintiff as "Confidential – Attorneys' Eyes Only" shall be disclosed only to the following, unless otherwise agreed between the parties in writing or ordered by the Court:

(i)     Outside counsel of record for the parties (including attorneys associated with the law firm, of counsel and the paralegal, clerical, and secretarial staff employed by such counsel) and in-house counsel of the parties;

(ii)     Outside experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(iii)     The Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen, or assigned in connection with this lawsuit;

(iv)     Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(v)     Court reporter(s) and videographer(s) employed in this action; and

(vi)     Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

Except as specifically stated above, documents designated as "Confidential – Attorneys' Eyes Only" may not be disclosed to Defendant.  If disclosure of "Confidential – Attorneys' Eyes Only" documents is made pursuant to this paragraph, all other provisions in this Order with

respect to Confidential Information shall also apply. Further, any person who receives copies of "Confidential – Attorneys' Eyes Only" or to whom "Confidential – Attorneys' Eyes Only" is disclosed pursuant to this Stipulated Protective Information Governing Confidential Information shall be advised that the "Confidential – Attorneys' Eyes Only" information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Confidential – Attorneys' Eyes Only" information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. To the extent such "Confidential – Patient/Medical Information" may be disclosed to court personnel or filed with the Court it shall, upon a showing sufficient to satisfy the requirements of the Court, be done Under Seal.

4.     Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law. If any person receiving information covered by this Agreement is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or

legal process.  Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

## V.    Miscellaneous

1.    The provisions of this Order shall not terminate at the resolution of this matter.

2.    Within thirty (30) days after the final conclusion of this matter, documents stamped "Confidential," "Confidential – Patient/Medical," or "Confidential – Attorneys' Eyes Only" and all copies of such documents, other than exhibits of record, shall be returned to the party who produced the documents and designated them as "Confidential."

3.    Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper

///

///

///

This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto

     DATED this 8th day of July, 2013.

COGBURN LAW OFFICES            JACKSON LEWIS LLP


      /s/ Andrew L. Rempfer                /s/ Kelly R. Kichline
Andrew L. Rempfer, Bar No. 8628       Elayna J. Youchah, Bar No. 5837
2879 St. Rose Parkway, Ste. 200       Kelly R. Kichline, Bar No. 10642
Henderson, Nevada 89052           3800 Howard Hughes Parkway, Ste. 600
                                   Las Vegas, Nevada 89169

*Attorneys for Plaintiff*

                                   *Attorneys for Defendant*


## **ORDER**

     IT IS SO ORDERED:  August 12, 2013.


                                
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

David Prothro v. Prime Healthcare Services-Reno, LLC
U.S. District Court Case No.: 3:13-cv-00108-LRH-WGC

**CONFIDENTIALITY LOG OF:**

| Date of Production/ Disclosure | Bates-Stamp Numbers/Source | Description of Documents or Information | Compelling Reason/Authority for Confidentiality Designation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |